**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUSSELL ROAD FOOD AND BEVERAGE, LLC, a Nevada limited liability company, | No. 14-15286 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00776-JCM-NJK |
| v. | MEMORANDUM* |
| MICHAEL GALAM, an individual; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted November 17, 2014
San Francisco, California

Before: NOONAN and IKUTA, Circuit Judges, and DANIEL, Senior District Judge.**

Russell Road Food and Beverage, LLC (Russell Road) appeals from an

order vacating a preliminary injunction precluding Michael Galam and the other

_____

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The Honorable Wiley Y. Daniel, Senior District Judge for the U.S. District Court for Colorado, sitting by designation.

appellees (collectively "appellees") from using the trademark Crazy Horse Too. We have jurisdiction under 28 U.S.C. § 1292(a)(1).

The district court had the authority to hear the motion because the district court complied with the procedure outlined in Rule 62.1 of the Federal Rules of Civil Procedure and Rule 12.1 of the Federal Rules of Appellate Procedure, as well as with our order granting appellees' motion for a limited remand. The district court did not clearly err in holding that appellees' submission of The Power Company's guaranty and corporate resolution provided a basis for reconsidering or modifying its previous order, whether the motion is construed as one under Rule 54(b) or Rule 59(e) of the Federal Rules of Civil Procedure. *See A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

The district court erred in holding that The Power Company's guaranty proved that its Crazy Horse Too trademark was included in the collateral subject to appellees' lien, and that appellees therefore obtained ownership of the trademark when they foreclosed. The trustee's deed of sale shows that appellees purchased at the non-judicial foreclosure sale only the real property formerly owned by RicRiz, LLC, which did not include The Power Company's trademark. The order of the court in the forfeiture action, stating that the sale was to be a "sale for all

purposes," does not change the legal effect of the non-judicial foreclosure sale. Even if appellees had attempted to enforce the guaranty (and there is no evidence that they did so), the guaranty provided a security interest only in property "in the physical possession of or on deposit with the Lender," which appellees have not shown includes the Crazy Horse Too trademark. Although The Power Company's corporate resolutions authorized The Power Company to give appellees a security interest in the trademark, The Power Company did not expressly provide such a security interest in the guaranty. Appellees have presented no document that gives them a security interest in the Crazy Horse Too trademark owned by The Power Company or that indicates they obtained the trademark in the foreclosure sale.

We reverse the district court's order vacating the preliminary injunction and remand for further proceedings to determine whether appellees have some other basis for claiming ownership of the trademark and, if so, whether the trademark was abandoned by the United States before it was acquired by appellees.

**REVERSED AND REMANDED**.